1  William M. Audet (SBN 117456)
   Joshua C. Ezrin (SBN 220157)
2  Adel A. Nadji (SBN 232599)
   AUDET & PARTNERS, LLP
3  221 Main Street, Suite 1460
   San Francisco, CA 94105
4  Telephone: (415) 568-2555
   Facsimile: (415) 568-2556
5
6
   *Attorneys for Plaintiff*
7
8
9
                    **UNITED STATES DISTRICT COURT**
10
                 **NORTHERN DISTRICT OF CALIFORNIA**
11
                     **(SAN FRANCISCO DIVISION)**
12
13
   MARGO KING, as Personal Representative       CASE
14 of
   MILDRED ANTONOGLOU,                            **1034**
15
                       Plaintiff,          )  **COMPLAINT**
16                                         )
   vs.                                     )  **JURY TRIAL DEMANDED**
17                                         )
   PFIZER INC.                             )
18                                         )
                       Defendant.          )
19                                         )
20                                         )
21                                         )
22
23     Plaintiff, MILDRED ANTONOGLOU, by her attorneys, AUDET & PARTNERS, upon

24  information and belief, at all times hereinafter mentioned, alleges as follows:

25                          **JURISDICTION AND VENUE**

26     1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that

27  the amount in controversy exceeds $75,000, and Plaintiff is a citizen of a State which is different

28  from the State where Defendant is incorporated and has its principal place of business.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and Defendant has at all relevant times been doing business in this district and throughout California.

## THE PARTIES

### Plaintiff

3.    Plaintiff, Mildred Antonoglou, is currently a citizen of DeLand, Florida. On or about November 25, 2005, Mildred Antonoglou suffered a cerebrovascular accident, developed left-sided paralysis and was subsequently admitted to a permanent nursing case facility for her stroke-related injuries as a result of ingesting Defendant's defective product, the pharmaceutical drug Bextra.

### Defendant

4.    At all times herein mentioned, Defendant Pfizer, Inc. (hereinafter "Defendant") was and is a corporation existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, doing business in the State of California. At all times herein mentioned, Defendant designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold a certain pharmaceutical drug herein referred to as Bextra.

## FACTUAL ALLEGATIONS

5.    Bextra is the brand name of valdecoxib, a COX-2 inhibitor, which purportedly reduces inflammation and pain associated with osteoarthritis, rheumatoid arthritis and primary dysmenorrhea.

6.    Bextra was approved by the Food and Drug Administration (hereinafter referred to as "the FDA") in November 2001 for treatment of osteoarthritis, rheumatoid arthritis and primary dysmenorrhea.

7.    The cardiac problems associated with COX-2 inhibitors, such as Bextra, have been documented since at least 2000. For example, a study published in the August 29, 2000 edition of Proceedings of the National Academy of Science entitled Cyclooxyganase-2 Mediates the Cardioprotective Effects of the Late Phase of Ischmeic Preconditioning in Conscious Rabbits,

2

Antonoglou-King nd cal complaint (3).wpd

1   by Dr. Ken Shinmura et al., determined that COX-2 inhibitors blocked cardioprotective enzymes

2   and thus increased the risk of heart attacks and strokes. These findings were further supported by

3   an article that appeared in the August 14, 2001 issue of Circulation entitled Selective

4   Cyclooxygenase-2 Inhibition on Vascular Response and Thrombosis in Canine Coronary

5   Arteries, by Dr. James K. Hennan et al., concluding that there were significant "concerns

6   regarding an increased risk of adverse vascular events in patients receiving COX-2 inhibitors."

7   A third study, entitled Risk of Cardiovascular Events Associated with Selective COX-2

8   Inhibitors, by Dr. Debabrata Mukherjee et al., published in the August 22/29, 2001 edition of the

9   Journal of the American Medical Association, also found that the "[c]urrent data would suggest

10  that the use of selective COX-2 inhibitors might lead to increased cardiovascular events."

11      8.      Despite having clinical data in its possession, including but not limited to the

12  studies identified above, indicating that the ingestion of Bextra represented an increases risk of

13  cardiovascular injury, Defendant represented to consumers, their physicians, and Mildred

14  Antonoglou that Bextra was safe and effective.

15      9.      Defendant sold Bextra by misleading users about the product and by failing to

16  adequately warn the users of the potential serious dangers which Defendant knew or should have

17  known might result from consuming its product. Defendant widely and successfully marketed

18  Bextra throughout the United States by, among other things, conducting promotional campaigns

19  which misrepresented the efficacy of Bextra in order to induce widespread use and consumption.

20  Defendant made misrepresentations by means of media advertisements, and statements contained

21  in the literature provided to Mildred Antonoglou's prescribing physician.

22      10.     On October 15, 2004, Defendant announced its own studies that demonstrated that

23  the occurrence of strokes and heart attacks among Bextra users was more than double that of

24  individuals given placebo.

25      11.     On April 7, 2005, the FDA ordered Defendant to recall Bextra due to the

26  significant cardiovascular risks.

27      12.     As a result of ingesting the products manufactured, supplied, and/or sold by

28  Defendant, on or about November 25, 2005, Mildred Antonoglou suffered a cerebrovascular

3

Complaint

Antonoglou-King nd cal complaint (3).wpd

1   accident, developed left-sided paralysis and was subsequently admitted to a permanent nursing

2   case facility for her stroke-related injuries.  As a result of the dangerously defective nature of

3   Defendant's product Bextra at the time of manufacture and distribution, Mildred Antonoglou, by

4   using Bextra, sustained the injuries and damages as herein alleged.

5       13.    As a direct and proximate result of Defendant's negligence as further described

6   herein, Mildred Antonoglou suffered a cerebrovascular accident, developed left-sided paralysis

7   and was subsequently admitted to a permanent nursing case facility for her stroke-related

8   injuries.

9       14.    Had Mildred Antonoglou known the risks and dangers associated with

10  Defendant's product Bextra, or had Defendant disclosed such information to Mildred Antonoglou

11  and her physicians, Mildred Antonoglou would not have taken Defendant's product Bextra and

12  would not have suffered the above-referenced Bextra-related injuries.

13                          **FIRST CAUSE OF ACTION**

14                          **[Strict Product Liability]**

15                          **[Failure to Warn]**

16      15.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

17  herein and further alleges as follows:

18      16.    Defendant is a manufacturer and/or supplier of the pharmaceutical  drug Bextra.

19      17.    The pharmaceutical drug Bextra manufactured and/or supplied by Defendant was

20  unaccompanied by proper warnings regarding all possible adverse side effects and/or the

21  comparative severity and duration of such adverse effects; the warnings given did not accurately

22  reflect the symptoms, scope of severity of the side effects.

23      18.    Defendant failed to perform adequate testing in that adequate testing would have

24  shown that the pharmaceutical drug Bextra possessed serious potential side effects with respect

25  to which full and proper warnings accurately and fully reflecting symptoms, scope and severity

26  should have been made.

27      19.    The pharmaceutical  drug Bextra manufactured and/or supplied by Defendant was

28  defective due to inadequate post-marketing warning or instruction because, after the

                                    4

1    manufacturer knew or should have known of the risk of injury from Bextra, it failed to provide

2    adequate warnings to users or consumers of the product and continued to aggressively promote

3    the product.

4        20.    As the proximate cause and legal result of the defective condition of Bextra as

5    manufactured and/or supplied by Defendant, and as a direct and legal result of the negligence,

6    carelessness, other wrongdoing and action(s) of Defendant described here:

7            a.    Plaintiff, Mildred Antonoglou, was irreversably injured; and

8            b.    Plaintiff has sustained economic loss, the exact amount of which is
                 presently unknown.

9

10                        **SECOND CAUSE OF ACTION**

11                          **[Strict Product Liability]**

12            **[Pursuant to Restatement Second of Torts § 402A (1965)]**

13       21.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

    herein and further alleges as follows:

14

15       22.    Defendant is a manufacturer and/or supplier of the pharmaceutical drug Bextra.

16       23.    The pharmaceutical drug Bextra manufactured and/or supplied by Defendant was

17    defective in design or formulation in that, when it left the hands of the manufacturer and/or

    suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

18

19       24.    Alternatively, the pharmaceutical drug Bextra manufactured and/or supplied by

20    Defendant was defective in design or formulation, in that, when it left the hands of the

21    manufacturer and/or suppliers, it was unreasonably dangerous, it was more dangerous than an

    ordinary consumer would expect and more dangerous than other forms of pain relief treatment.

22

23       25.    The pharmaceutical drug Bextra manufactured and/or supplied by Defendant was

24    defective due to inadequate warning or instruction because the manufacturer knew or should

    have known that the product created a risk of harm to consumers and the Defendant failed to

25    adequately warn of said risks.

26

27       26.    The pharmaceutical drug Bextra manufactured and/or supplied by Defendant was

    defective due to inadequate warning and/or inadequate testing.

28

Antonoglou-King nd cal complaint (3).wpd

1    27.    The pharmaceutical drug Bextra manufactured and/or supplied by Defendant was

2    defective due to post-marketing warning or instruction because, after the manufacturer knew or

3    should have known of the risk of injury from Bextra, it failed to provide adequate warning to

4    users or consumers of the product and continued to promote the product.

5    28.    As the producing cause and legal result of the defective condition of the

6    pharmaceutical drug Bextra as manufactured and/or supplied by Defendant, and as a direct and

7    legal result of the negligence, carelessness, other wrongdoing and action(s) of Defendant

8    described herein:

9           a.    Plaintiff, Mildred Antonoglou, was injured; and

10          b.    Plaintiff has sustained economic loss, the exact amount of which is
                  presently unknown.

11

**THIRD CAUSE OF ACTION**

12

**[Negligence]**

13

14    29.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

      herein and further alleges as follows:

15

16    30.    Defendant had a duty to exercise reasonable care in the manufacture, sale and/or

      distribution of the pharmaceutical drug Bextra into the stream of commerce, including a duty to

17
      assure that the product did not cause users to suffer from unreasonable, dangerous side effects.

18
      Defendant failed to exercise ordinary care in the manufacture, sale, testing, quality assurance,

19
      quality control, and/or distribution of the pharmaceutical drug Bextra into interstate commerce in

20
      that Defendant knew or should have known that the product Bextra created a high risk of

21
      unreasonable, dangerous side effects.

22

23    31.    Defendant was negligent in the designing, manufacture, testing, advertising,

      warning, marketing and sale of the pharmaceutical drug Bextra.

24

25    32.    Despite the fact that Defendant knew or should have known that the

      pharmaceutical drug Bextra caused unreasonable, dangerous side effects, Defendant continued to

26
      market Bextra to consumers including Mildred Antonoglou.

27

28    33.    Defendant knew or should have known that consumers such as Mildred

6

**Complaint**

Antonoglou-King nd cal complaint (3).wpd

1  Antonoglou would foreseeably suffer injury as a result of Defendant's failure to exercise ordinary

2  care as described above.

3         34.    Defendant's negligence was a proximate cause of MILDRED ANTONOGLOU'S

4  injuries.

5                              **FOURTH CAUSE OF ACTION**

6                              **[Breach of Express Warranty]**

7         35.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

8  herein and further alleges as follows:

9         36.    Defendant expressly warranted that the pharmaceutical drug Bextra was safe,

10  effective for its intended use and well tolerated by patients studied.

11        37.    The pharmaceutical drug Bextra did not conform to these express representations

12  because Bextra is not safe and causes serious side effects, including life threatening side effects.

13        38.    As a direct and proximate result of the breach of said warranties, Mildred

14  Antonoglou suffered the injuries stated herein.

15                              **FIFTH CAUSE OF ACTION**

16                              **[Breach of Implied Warranty]**

17        39.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

18  herein and further alleges as follows:

19        40.    At all times mentioned herein, Defendant manufactured and/or supplied the

20  pharmaceutical drug Bextra, and prior to the time it was ingested by Mildred Antonoglou,

21  Defendant impliedly warranted to Mildred Antonoglou, and to his agents, that the product was of

22  merchantable quality and safe for the use for which it was intended.

23        41.    Mildred Antonoglou and his agents relied on the skills and judgment of Defendant

24  in using the aforesaid product.

25        42.    The product was unsafe for its intended use, and it was not of merchantable

26  quality, as warranted by Defendant in that it had very dangerous propensities when put to its

27  intended use and would cause severe injury to the user.  The aforesaid product was not

28  accompanied by warnings of its dangerous propensities that were either known or reasonably

7

Complaint

1  scientifically knowable at the time of distribution. The aforesaid product did cause Plaintiff to

2  sustain damages and injuries is as herein alleged.

3      43.     After Margo King was made aware of Plaintiff Mildred Antonoglou's injuries as a

4  result of the aforesaid product, notice was duly given to Defendant of the breach of said warranty.

5      44.     As a direct and proximate result of the breach of said warranties, Mildred

6  Antonoglou suffered the injuries and damages stated herein.

7                           **SIXTH CAUSE OF ACTION**

8                           **[Fraudulent Concealment]**

9      45.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

10  herein and further alleges as follows:

11     46.     At all times mentioned herein, Defendants had the duty and obligation to disclose

12  to Plaintiff and his physicians the true facts concerning Bextra; that is, that said product was

13  dangerous, defective, and likely to cause serious consequences to users, including injuries as

14  herein occurred, and how unnecessary it was to use said product for the purposes indicated.

15  Defendant made the affirmative representations as set forth above to Mildred Antonoglou and his

16  physicians and the general public prior to the dates Mildred Antonoglou ingested Bextra, while

17  concealing the following material facts.

18     47.     At all times mentioned herein, Defendant had the duty and obligation to disclose

19  to Mildred Antonoglou and his physicians the true facts concerning Bextra; that is, that said

20  product could cause injuries including but not limited to heart attacks, strokes, and death.

21     48.     At all times herein mentioned, Defendant intentionally, willfully, and maliciously

22  concealed or suppressed the facts set forth above from Mildred Antonoglou and his physicians

23  with the intent to defraud as herein alleged.

24     49.     At all times herein mentioned, neither Mildred Antonoglou nor his physicians

25  were aware of the facts set forth above, and, had he been aware of said facts, he would not have

26  acted as he did, that is, would not have utilized the product.

27     50.     As a result of the concealment or suppression of the facts set forth above, Mildred

28  Antonoglou was injured as stated herein.

                                    8
                                **Complaint**

Antonoglou-King nd cal complaint (3).wpd

1    51.    In doing the actions herein alleged, Defendant acted with oppression, fraud, and
2  malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to
3  Plaintiff's actual damages, Defendant's wealth, and Punitive Damages sufficiently large enough
4  to be an example to others and to deter Defendant and others from engaging in similar conduct in
5  the future.

6    52.    That at all times herein mentioned, Defendant intentionally, willfully, and
7  maliciously concealed or suppressed the facts set forth above from Mildred Antonoglou's
8  physicians and therefore from Plaintiff, with the intent to defraud Plaintiff as herein alleged.

9    53.    At all times here mentioned, neither Mildred Antonoglou nor his physicians were
10  aware of the facts set forth above, and, had he been aware of said facts, Mildred Antonoglou
11  would not have ingested the drug.

12    54.    As a result of the concealment or suppression of the facts set forth above, Mildred
13  Antonoglou suffered the injuries and damages stated herein.

14

15                          **SEVENTH CAUSE OF ACTION**

16                              **[Punitive Damages]**

17    55.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth
18  herein and further alleges as follows:

19    56.    Defendant knew of the extremely high risk of death, and catastrophic injury
20  inherent in exposing Decedent to the pharmaceutical drug Bextra.

21    57.    Notwithstanding, Defendant took no action to prevent or otherwise protect
22  Decedent and by their fraudulent concealment from Decedent demonstrated a callous and
23  reckless disregard for human life, health and safety.

24    58.    Defendant for profit, and no other reason, acted with such indifference to the
25  consequences of their misconduct, and with such recklessness as to be willful, malicious and
26  oppressive and in disregard of the rights of Plaintiff thereby meriting an award of punitive or
27  exemplary damages against Defendant and in favor of Plaintiff for the purpose of deterring them
28  from such future misconduct and to make a public example of their egregious, wrongful and

9

Complaint

Antonoglou-King nd cal complaint (3).wpd

1    despicable fraud.

2         59.    Plaintiff is not presently aware of the true net worth of Defendant and therefore

3    cannot ascertain an amount which would properly punish them by way of punitive damages, and

4    Plaintiff prays leave to amend this complaint to insert the same herein when Defendant's true net

5    worth is finally ascertained so that a jury may hear all the evidence and render a full, fair and

6    complete verdict condemning their outrageous misconduct.

7                                    **PRAYER FOR RELIEF**

8         WHEREFORE, Plaintiff prays for relief as follows:

9    1.    For general damages in a sum in excess of the jurisdictional minimum of this
           Court;

10   2.    Medical, incidental, hospital, and service expenses according to proof;

11   3.    Medical monitoring according to proof;

12   4.    Prejudgment and post judgment interest as provided by law;

13   5.    Full refund of all purchase costs for Defendant's product Bextra;

14   6.    Relief of the loss of consortium.

15   7.    Compensatory damages in excess of the jurisdictional minimum of the Court,
16         according to proof;

17   8.    Consequential damages in excess of the jurisdictional minimum of the Court,
18         according to proof;

19   9.    Punitive and exemplary damages;

20   10.   Attorneys' fees, expenses, and costs of this action; and

21   11.   Such further relief as this Court deems necessary, just, and proper.

22

23

24

25

26

27

28

Antonoglou-King nd cal complaint (3).wpd

1  Dated: February 20, 2008

2

3

AUDET & PARTNERS, LLP

_____
Adel A. Nadji
William M. Audet
Joshua C. Ezrin
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone:  (415) 568-2555
Facsimile:   (415) 568-2556

*Attorneys for Plaintiffs*

**Complaint**

Antonoglou-King nd cal complaint (3).wpd

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

MARGO KING, as Personal Representative of
MILDRED ANTONOGLOU

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William M. Audet (117456) [See Attachment]

## DEFENDANTS

PFIZER, INC.

*CRB*      *ADR*

E-filing

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)                                  AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transfered from Another district (specify)
☑ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 382 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☑ 365 Personal Injury | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 660 Occupational | | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| Student Loans (Excl | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| Veterans) | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 862 Black Lung (923) | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders Suits | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt Reporting & | ☐ 865 RSI (405(g)) | Act |
| ☐ 195 Contract Product Liability | | | Disclosure Act | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security | ☐ 870 Taxes (US Plaintiff or | Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Act | Defendant | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence Habeas Corpus: | | ☐ 871 IRS - Third Party | Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | 26 USC 7609 | Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 448 Amer w/ disab - Other | ☐ 555 Prison Condition | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

BY FAX

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

[See Attachment]

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

MDL-1699

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)

☑ SAN FRANCISCO/OAKLAND      ☐ SAN JOSE

DATE

February 20, 2008

SIGNATURE OF ATTORNEY OF RECORD

# CIVIL COVER SHEET ATTACHMENT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| MARGO KING, as Personal Representative of <br> MILDRED ANTONOGLOU, <br><br>      Plaintiff, <br><br> v. <br><br> PFIZER, INC., <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Court File No. _____

**COMPLAINT**

**Jury Trial Demanded**

**I.(c)    ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

William M. Audet (SBN 117456)
Joshua C. Ezrin (SBN 220157)
Adel A. Nadji (SBN 232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556

*Attorneys for Plaintiff*

**VI.    CAUSE OF ACTION**

Strict Product Liability [Failure to Warn]
Strict Product Liability – [Pursuant to Restatement Second of Torts § 402A (1965)]
Negligence
Breach of Express Warranty
Breach of Implied Warranty
Fraudulent Concealment
Punitive Damages