AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendant
PFIZER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*This document relates to*

MARGO KING, Individually and as Personal Representative of MILDRED ANTONOGLOU,

Plaintiff,

vs.

PFIZER INC.,

Defendant.

MDL Docket No. 1699

CASE NO. 3:08-cv-1034-CRB

**PFIZER INC.'S ANSWER TO COMPLAINT**

**JURY DEMAND ENDORSED HEREIN**

NOW COMES Defendant Pfizer Inc. ("Pfizer" or "Defendant"), and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Decedent was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Bextra®.

**II.**

**ANSWER**

**Response to Allegations Regarding Jurisdiction and Venue**

1. Defendant is without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Defendant is without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, denies the same. Defendant denies committing a tort in the State of California and denies the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Parties**

3. Defendant is without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, whether Plaintiff is the Administrator of Decedent's Estate, Decedent's medical condition, and whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

4. Defendant admits that Pfizer is a Delaware corporation with its principal place of business in New York and that Pfizer does business in the State of California. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

5. Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2). At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)." Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

6. Defendant admits that Bextra® was approved by the FDA on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

7. The allegations in this paragraph of the Complaint are not directed toward Defendant and, therefore, no response is required. To the extent a response is deemed required, Defendant states that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

8.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

9.      Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

10.     Defendant states that the referenced DHCP letter speaks for itself and respectfully refers the Court to the DHCP letter for its actual language and text. Any attempt to characterize the DHCP letter is denied. Defendant denies the remaining allegations in this paragraph of the Complaint.

11.     Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

13. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Strict Product Liability – Failure to Warn**

15. Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

16.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendant denies the remaining allegations in this paragraph of the Complaint.

17.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

19.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

20.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Second Cause of Action: Strict Product Liability**

21.     Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

22.     Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.     Defendant denies the remaining allegations in this paragraph of the Complaint.

23.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.     Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

24.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.     Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

25.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.     Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

26.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

27. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

28. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Third Cause of Action: Negligence**

29. Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

30. Defendant states that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendant admits that Pfizer had duties as are imposed by law but denies having breached such duties. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

31. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

34. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Express Warranty**

35. Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

36. Defendant admits that Pfizer provided FDA-approved prescribing information regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra®. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

37. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

38. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Implied Warranty**

39. Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that Pfizer provided FDA-approved prescribing information regarding Bextra®. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

42. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

43. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

44. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Fraudulent Concealment**

45. Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

46. Defendant states that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendant admits that Pfizer had duties as are imposed by law but denies having breached such duties. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Complaint.

47. Defendant states that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendant admits that Pfizer had duties as are imposed by law but denies having breached such duties. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

48. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

50. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

51. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

52. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

54. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Punitive Damages**

55. Defendant incorporates by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

57. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

58. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

59. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Answering the unnumbered paragraph entitled "Prayer for Relief," Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

## III.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1. The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2. Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3. At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4. At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5. Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

**Sixth Defense**

6. Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7. Plaintiff's claims against Defendant are barred to the extent Plaintiff or Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8. The proximate cause of the loss complained of by Plaintiff is not due to any acts or

omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant are not liable in any way.

**Ninth Defense**

9. The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10. Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11. Defendant affirmatively denies that they violated any duty owed to Plaintiff or Decedent.

**Twelfth Defense**

12. A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13. The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14. Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifteenth Defense**

15. Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16. Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendant and any liability of Defendant is therefore barred.

**Seventeenth Defense**

17. Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

**Eighteenth Defense**

18. Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19. Decedent knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20. Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21. Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22. The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23. Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24. Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25. Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26. Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27. Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28. Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29. To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.     The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitutions of the States of Florida and California, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the law of the States of Florida and California and the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.     Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

**Thirty-fifth Defense**

35.     Plaintiff and Decedent failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

**Thirty-seventh Defense**

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Florida and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff and Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-ninth Defense**

39. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40. The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41. If Plaintiff and Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42. The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44. Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff and Decedent, and were independent of or far removed from Defendant's conduct.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-fifth Defense**

45. The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff or Decedent.

**Forty-sixth Defense**

46. The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendant's conduct.

**Forty-seventh Defense**

47. The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48. The claims must be dismissed because Decedent would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49. The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50. Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51. Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff and Decedent.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-second Defense**

52. Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53. The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54. Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55. Defendant states on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56. Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiff and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant. Therefore, Plaintiff's recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred. Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58. Plaintiff's claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

**Fifty-ninth Defense**

59. Bextra® is not defective or unreasonably dangerous, and Defendant is not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Decedent, Defendant had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

**Sixtieth Defense**

60. Plaintiff's and Decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff and Decedent, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiff's recovery. Thus, Defendant is entitled to have its liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes. To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendant's percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to Defendant will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-first Defense**

61.     Plaintiff fails to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

**Sixty-second Defense**

62.     FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiff's FDUTPA claim is improper and should be dismissed.

**Sixty-third Defense**

63.     The acts or practices of which Plaintiff complains were and are required or specifically permitted by federal or state law.  Therefore, Plaintiff's FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

**Sixty-fourth Defense**

64.     Plaintiff lacks standing because Defendant did not engage in deceptive conduct with regard to Plaintiff or Decedent or otherwise.

**Sixty-fifth Defense**

65.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing from Defendant by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendant be awarded its costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals its proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

6. That Defendant has such other and further relief as the Court deems appropriate.

May 15, 2008

GORDON & REES LLP

By: :__________/s/_____________

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

May 15, 2008

TUCKER ELLIS & WEST LLP
.

By: :__________/s/_____________

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendant
PFIZER INC.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**JURY DEMAND**

Defendant Pfizer Inc., hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 15, 2008 GORDON & REES LLP

By: :__________/s/______________

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

May 15, 2008 TUCKER ELLIS & WEST LLP

By: :__________/s/______________

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendant
PFIZER INC.